O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHIRLEY A. COWAINS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>        Defendant. | Case No. CV 12-2178-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Shirley Cowains seeks judicial review of the Commissioner's final decision denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff was born on September 7, 1960. (Administrative Record ("AR") at 71, 128.) She has a high school education and has work experience as a home attendant, stocker, mail sorter, and telemarketer. (AR at 139, 141.) Plaintiff filed her SSI and DIB applications on

October 8, 2008, alleging disability beginning January 8, 2007, due to affective mood disorder, fracture of the right ankle and cervical pain. (AR at 110-113, 114-116.)

Plaintiff's applications were denied initially on February 3, 2009. (AR at 76-80, 76-81.) An administrative hearing was held on April 15, 2010, before Administrative Law Judge ("ALJ") David Marcus. Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE"). (AR at 48-67.)

On July 7, 2010, ALJ Marcus issued an unfavorable decision. (AR at 23-34.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR at 25.) The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff suffered from the following severe impairments: status post right ankle surgery, cervical osteoarthritis, and lumbar discogenic disease. (Id.) However, the ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 27.)

The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) "in that she can lift and carry 20 pounds occasionally, 10 pounds frequently, can stand and walk 6 hours out of an 8 hour day, can sit 6 hours out of an 8 hour day, and can frequently bend, stoop, crouch and kneel." (Id.) Plaintiff was deemed capable of performing her past relevant work as a home companion, cafeteria attendant, mail clerk and telemarketer. (AR at 29-30.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 30.)

On December 21, 2011, the Appeals Council denied review (AR at 3-8). Plaintiff then timely commenced this action for judicial review. On August 23, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly concluding that Plaintiff's mental impairment was not severe, and (2) failing to perform a proper credibility analysis. (Joint Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 18-19.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 19.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's non-severity finding to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial

---

[1] The Court does not reach the remaining claims of error and will not decide whether these issues would independently warrant relief.

evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. Discussion

The Court agrees with Plaintiff that remand is warranted based upon the ALJ's erroneous finding that her mental impairment was non-severe, because that decision is not supported by substantial evidence. The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005*); Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An impairment is not severe *only* if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306

(9th Cir. 1988). A "finding of no disability at step two" may only be affirmed where there is a "total absence of objective evidence of severe medical impairment." *Webb*, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that Webb's claim was 'groundless'").

Here, Plaintiff has offered sufficient evidence to demonstrate that her mental impairment has more than a minimal effect on her ability to perform work-related functions. Plaintiff testified at the administrative hearing regarding her depression, auditory and visual hallucinations, insomnia, and difficulty concentrating. (AR at 57-59.) In addition, beginning in approximately May 2007 and continuing through 2008, Plaintiff was treated at Compton Mental Health Center by Dr. Norma Aguilar, M.D., who diagnosed Plaintiff with depression, insomnia and anxiety. (*See, e.g.,* AR at 362, 367-369, 371, 374-378, 461, 463-465, 588-595.) At various times, Plaintiff was prescribed Risperdal, Lithium, Topamax, and Elavil.[2] (AR at 370, 372, 391, 579.) Plaintiff's medical records documenting her ongoing mental health treatment as well as her history of prescription medication used to treat mental health disorders indicates a level of impairment that at least meets the "de minimis" requirement at this stage of the inquiry. *Smolen*, 80 F.3d at 1290.

In addition, the consultative examining psychiatrist, Dr. Jeffrey Litzinger, M.D. diagnosed Plaintiff with mood disorder not otherwise specified ("NOS") and psychosis NOS with a Global Assessment of Functioning ("GAF") score of 55, which indicates moderate symptoms or

---

[2] Risperdal is an antipsychotic medication used to treat schizophrenia and bipolar disorder. Lithium is used to treat and prevent episodes of mania in people with bipolar disorder. Topomax is an anticonvulsant used to treat seizures and migraine headaches. Elavil is a tricyclic antidepressant. http://www.nlm.nih.gov.

moderate difficulty in social, occupational, or school functioning. (AR at 39-395.) Dr. Litzinger also determined that Plaintiff was moderately limited in her ability to maintain concentration, persistence and pace. (AR at 395.) The reviewing state agency physician concluded that Plaintiff was moderately limited in her ability to carry out detailed instructions, to maintain attention and concentration for extended periods and to interact appropriately with the general public. (AR at 407-408.) The reviewing physician concluded that Plaintiff had a mental RFC for simple, repetitive tasks. (AR at 409.)

The ALJ determined that Plaintiff's mental impairments were not severe for the following reasons: Although Plaintiff's "mental health records show some depression," there was "little functional impairment except for the extreme residual functional capacity assessment by a treating psychologist, Anita Washington, Ph.D."[3] (Id.) Plaintiff's "treatment has consisted of a conservative regimen of psychotropic medication which has been effective in controlling [her] symptoms." (Id.) The consulting examining psychiatrist, Dr. Litzinger, found that, although Plaintiff was "moderately limited in her ability to maintain concentration and attention, persistence and pace," she is "only mildly limited in other domains." (Id.) Finally, "at the hearing, [Plaintiff] did not exhibit substantial difficulty in her ability to maintain concentration, attention, persistence or pace." (Id.)

Given the minimal threshold required to show that an impairment is

---

[3] In a Mental Impairment Questionnaire dated February 22, 2008, Dr. Washington opined that Plaintiff had major depression; that she had paranoid thoughts and heard voices; that she had a GAF score of 40; and that she had extreme limitations in various areas of functioning. (AR at 579-584.) The ALJ gave little weight to Dr. Washington's report (AR at 26), a finding which Plaintiff does not contest.

severe, the ALJ's determination that Plaintiff's mental impairments are not severe was not supported by substantial evidence. First, the ALJ did not sufficiently articulate any reason to reject Plaintiff's longitudinal history of mental health treatment at the Compton Mental Health Clinic. Even if the ALJ properly rejected Dr. Washington's February 22, 2008 report, he provided no reason for rejecting Plaintiff's other mental health records.

Second, the ALJ improperly relied upon the examining physician's opinion without providing any basis for rejecting the treating physician's opinion. A treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(2). The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinion of another doctor, without first providing specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record"). As noted previously, the ALJ provided specific reasons for rejecting Dr. Washington's February 22, 2008 report, but did not do so for Plaintiff's other voluminous mental health treatment records.

Finally, the other facts cited by the ALJ, even when viewed collectively, do not constitute substantial evidence. The fact that the Plaintiff's treatment "has consisted of a conservative regimen of

psychotropic medication" is not a sufficient reason to find that Plaintiff's mental impairments are non-severe at step two of the sequential evaluation. Indeed, it would seem that a prescription for psychotropic medication might indicate the existence of a "severe" impairment. Nor does the ALJ's personal observation of Plaintiff at the administrative hearing provide a substantial basis his finding the impairment non-severe at this stage of the inquiry. Accordingly, the ALJ's non-severity finding at step two of the evaluative process was not supported by substantial evidence and warrants remand for further proceedings.

## IV.  Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an mental impairment that can be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing either her past work or some work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

DATED: August 30, 2012

                                             MARC L. GOLDMAN
                                             Marc L. Goldman
                                             United States Magistrate Judge